988 F.2d 131
 28 U.S.P.Q.2d 1146
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Richard P. ANDROS, Jr.
 No. 91-1475.
 United States Court of Appeals, Federal Circuit.
 Jan. 28, 1993.
 
 PTO
 AFFIRMED.
 Before MICHEL, PLAGER and LOURIE, Circuit Judges.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Richard P. Andros, Jr. appeals from the March 22, 1991 decision of the Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences, Appeal No. 90-3364, as supplemented on Reconsideration, on June 27, 1991, rejecting all claims of application Serial No. 282,550 as being unpatentable on the ground of obviousness under 35 U.S.C. § 103 (1988). We affirm.
 
 DISCUSSION
 
 2
 The claimed invention relates to a radio having a display means capable of electronically displaying certain operating values (e.g., frequency) in either an inverted or a non-inverted display mode. This allows the characters on the display to be read in either an upside down or right-side up orientation, depending upon which mode is selected. The invention also features selecting means or switches that enable a user to "scroll" through a menu of operating values in order to select a particular value. One switch is used to scroll up and another is used to scroll down. Arrows or "indicia," one facing up and one facing down, are placed adjacent to the appropriate switch to indicate its scrolling direction. When the inverted display mode is selected, the scrolling directions of each switch are reversed so that the switches continue to correspond to the directions indicated by their respective indicia.
 
 
 3
 The Board affirmed the examiner's rejection of all the claims of the patent application as being obvious over U.S. Patent 4,306,294 to Hashimoto, in view of a Japanese reference by Yamanaka. Hashimoto is directed to a device which performs the combined functions of a calculator, a clock and a digitally tuning radio receiver. The Hashimoto patent teaches a display that, when operating as a radio, may be used for displaying tuning frequencies selected by the actuation of an up key, a down key, or preset channel keys. Yamanaka teaches a digital timepiece "which can display the [time] in four directions such as upward, downward, left, and right directions...." These display directions are selected by the user by means of an external display switch. The invention claimed by Andros functions in a similar manner to the radio function of the Hashimoto device, but includes an invertible display controlled by the user, as taught by Yamanaka.
 
 
 4
 Obviousness is a question of law which we review de novo. In re Woodruff, 919 F.2d 1575, 1577, 16 USPQ2d 1934, 1935 (Fed.Cir.1990). In addressing the issue of obviousness, we review the totality of the evidence of record to determine whether the prior art would have made obvious the claimed invention. See In re Corkill, 771 F.2d 1496, 1500, 226 USPQ 1005, 1008 (Fed.Cir.1985). The burden of persuasion is on the appellant to show that the Board's conclusion of obviousness is in error or that the factual findings underlying that conclusion are clearly erroneous. See Loctite Corp. v. Ultraseal Ltd., 781 F.2d 861, 872, 228 USPQ 90, 97 (Fed.Cir.1985) (stating that obviousness is a question of law based upon underlying fact findings).
 
 
 5
 The law is well settled that "obviousness cannot be established by combining the teachings of the prior art to produce the claimed invention, absent some teaching or suggestion or incentive to do so." ACS Hosp. Sys., Inc. v. Montefiore Hosp., 732 F.2d 1572, 1577, 221 USPQ 929, 933 (Fed.Cir.1984). However, the motivation to modify the prior art to produce the claimed invention "need not be expressly stated in one or all of the references used to show obviousness." Cable Electric Products, Inc. v. Genmark, Inc., 770 F.2d 1015, 1025, 226 USPQ 881, 886 (Fed.Cir.1985); In re Bozek, 416 F.2d 1385, 163 USPQ 545 (CCPA 1969). "Rather the test is what the combined teachings of the references would have suggested to those of ordinary skill in the art." Cable Electric, 770 F.2d at 1025, 226 USPQ at 886-87 (quoting In re Keller, 642 F.2d 413, 425, 208 USPQ 871, 881 (CCPA 1981)).
 
 I. Claim 1
 
 6
 First, Andros asserts that the Board erred in concluding that there was motivation to use the invertible display taught by the Yamanaka reference in the radio disclosed by Hashimoto. But in determining that the examiner had established a prima facie case of obviousness, the Board stated:
 
 
 7
 While we agree with [Andros] that there is no explicit statement by either of the applied references to the effect that one should replace the display in Hashimoto with the invertible display of Yamanaka, to suggest that the artisan would not have been led by the totality of the teachings of the reference to employ an invertible display in the Hashimoto radio presumes less than ordinary skill on the part of the artisan.
 
 
 8
 Ex parte Andros, No. 90-3364, Reconsideration slip op. at 3 (Bd.Pat.App. and Int. June 27, 1991). Appellant has not shown that the Board's implicit findings with respect to the knowledge of the artisan and the level of ordinary skill in the art are clearly erroneous.
 
 
 9
 Second, Andros argues that the Hashimoto reference teaches away from his invention, because the combination clock, radio, calculator would not be used in an inverted or alternate position. This argument fails because Andros is attempting to establish nonobviousness by attacking the references individually where the rejection is based upon the combined teachings of Hashimoto and Yamanaka. See In re Merck & Co., Inc., 800 F.2d 1091, 1097, 231 USPQ 375, 380 (Fed.Cir.1986). Therefore, Hashimoto "must be read not in isolation, but for what it fairly teaches in combination with the prior art as a whole." Id.
 
 
 10
 Furthermore, as correctly stated by the Board, "[t]he test for obviousness is not whether the features of one reference may be bodily incorporated into the other to produce the claimed subject matter but simply what the combination of references makes obvious to one of ordinary skill in the pertinent art." In re Bozek, 416 F.2d at 1390, 163 USPQ at 549-50. In this case, the Yamanaka reference was not cited for the purpose of specifically suggesting the combination of an invertible display with the features of the Hashimoto radio, but because it shows a known invertible display.
 
 
 11
 Upon review of the totality of the evidence of record, we find no error in the Board's decision that the invention of claim 1 would have been obvious to one of ordinary skill in the art in light of the Hashimoto patent and Yamanaka reference. The prior art provides sufficient motivation to one of ordinary skill in the art to combine the invertible display taught by the Yamanaka reference with the radio claimed in Hashimoto in order to produce the invention of claim 1.
 
 II. Claims 2-6
 
 12
 Claims 2 and 3 add limitations regarding the directional reversibility of the scroll switches. Specifically, claim 2 recites a switch capable of scrolling in a first direction when the radio is in the non-inverted display mode and in a second direction when the radio is in the inverted mode. Similarly, claim 3 recites selection means capable of selecting frequency values in a first or second direction when the radio is operating in the non-inverted display mode and in opposite directions when the radio is operating in the inverted mode. Dependent claims 4, 5, and 6 add additional limitations concerning reversible indicia associated with the selection means.
 
 
 13
 In rejecting claims 2 and 3, the Board relied upon the common knowledge and common sense of persons having ordinary skill in the art to conclude that reversing the functions of the scrolling keys when the display is inverted and providing a selection means to determine the mode of display would have been obvious. The Board also concluded that the examiner established a prima facie case of obviousness as to dependent claims 4 and 5, requiring indicia of the scrolling direction in the form of up and down arrows, by reasoning that "an artisan would have known to provide such indicia in those situations where it was desirable to know the direction of scan by merely observing the display." Ex parte Andros, No. 90-3364, Reconsideration slip op. at 6. The limitations of claim 6 merely define the first display orientation as being non-inverted and the second display orientation as being inverted. These terms are relative; any position can be defined as the "inverted" position. As such, this limitation provides no further basis for a finding of nonobviousness.
 
 
 14
 Appellant argues per se error because the examiner did not cite a specific reference in support of his reliance on common knowledge and common sense of one skilled in the art. As we previously discussed in connection with our affirmance of the rejection of claim 1, the motivation or suggestion to combine references need not be expressly stated in the references. Cable Electric, 770 F.2d at 1025, 226 USPQ at 886; In re Bozek, 416 F.2d at 1390, 163 USPQ at 549 ("Having established that this knowledge was in the art, the examiner could then properly rely ... on a conclusion of obviousness 'from common knowledge and common sense of the person of ordinary skill in the art without any specific hint or suggestion in a particular reference.' ").
 
 
 15
 Appellant has not otherwise argued or shown that the Board's assessment of the teachings of the prior art references and of the level of ordinary skill in the art are clearly erroneous. Because the Board, not this court, is the proper finder of fact, we decline to reverse the Board in such a close case of obviousness where no showing of clear error has been made and where appellant has not persuaded us that the Board's obviousness conclusion was erroneous.
 
 
 16
 Furthermore, regardless of the extent to which the Board relied on common knowledge and common sense of persons having ordinary skill in the art in rejecting claims 2-6, the Hashimoto reference itself generally suggests the desirability of making the indicia on the selection means reversible, and the desirability of reversing the function of particular keys depending on the selected mode of display.